UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARTANYAN KEITCHEL BREAUX** | : | **CIVIL ACTION NO. 2: 12-cv-697** |
| | : | **SECTION P** |
| **VERSUS** | | |
| | : | **JUDGE TRIMBLE** |
| **SHERIFF OF CALCASIEU PARISH** | : | **MAGISTRAGE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Plaintiff Dartanyan Kietchel Breaux, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on March 14, 2012. Plaintiff is housed at the Lafayette Parish Correctional Center but complains about events that occurred in Calcasieu Parish. He names the Calcasieu Parish Sheriff as his defendant herein and he prays for monetary relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

Plaintiff states that on or about August 16, 2008, he was arrested by a Calcasieu Parish Sheriff's Deputy for third offense DWI. Plaintiff refused to submit to a DNA saliva test so the intake deputy along with two other deputies forcibly took a saliva sample from him. Plaintiff claims that the intake deputy later told him that the third DWI was a felony giving the officers a right to forcibly take the DNA sample.

*Law and Analysis*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolous); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

The applicable statute of limitation in a section 1983 action is the personal injury limitations period of the forum state. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998). Louisiana Civil Code article 3492 imposes a one year limitation to bring suit. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). While the period of limitations is provided by state law, federal law governs the determination of when a section 1983 action accrues. *Jacobsen*, 133 F.3d at 319. A section 1983 action accrues when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987).

In this case, plaintiff's complaint was signed on March 9, 2012, three and a half years after the August 16, 2008, incident complained of. Plaintiff clearly states that he did not file a

grievance concerning this matter and thus he is not entitled to the benefit of equitable tolling. Plaintiff had until August 16, 2009, (at the very latest) to file this complaint. Plaintiff's March 2012 complaint is barred by the statute of limitations.

Therefore, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** because the action has prescribed. The petition is frivolous as a matter of law. 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 28th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE